IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CARLOS LEON, Individually and on**                                              **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                                           No. 5:20-cv-823

**TORO FOODS, LLC, and GERARDO DEANDA**                    **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Carlos Leon ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Toro Foods, LLC, and Gerardo DeAnda (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I.     INTRODUCTION

1. Plaintiff, individually and on behalf of all other hourly-paid workers employed by Defendants, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and all others similarly situated an overtime premium as required by the FLSA.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is a citizen and resident of Bexar County.

7. Separate Defendant Toro Foods, LLC ("Toro"), is a domestic limited liability company.

8. Defendant Toro's registered agent for service is Gerardo DeAnda at 3126 Morning Trail, San Antonio, Texas 78247.

9. Defendant Toro does business as Toro Kitchen + Bar.

10. Defendant Gerardo DeAnda is an individual and resident of Texas.

11. Defendants jointly maintain a website at https://www.torokitchenandbar.com/.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. DeAnda is an owner, principal, officer and/or director of Toro.

17. DeAnda manages and controls the day-to-day operations of Toro, including but not limited to the decision to not pay Plaintiff an overtime premium.

18. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

19. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as food and beverages.

20. Defendant was Plaintiff's employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

21. Defendant operates two restaurants in San Antonio.

22. Plaintiff was employed by Defendant at one of Defendant's restaurants during the time period relevant to this lawsuit.

23. Plaintiff worked for Defendant during the three years preceding the filing of this Complaint.

24. At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

25. Plaintiff was employed by Defendant as an hourly-paid cook from April of 2018 until September of 2018.

26. Defendant employs hourly employees such as Plaintiff, including cooks, servers, and dishwashers (hereinafter collectively "Hourly Employees"), to perform the duties necessary to operate their restaurants, including but not limited to greeting and

serving customers, preparing food, and cleaning the restaurant.

27. Plaintiff and other Hourly Employees worked as hourly, non-exempt employees at Toro.

28. Plaintiff regularly worked in excess of 40 hours per week.

29. Other Hourly Employees also regularly worked in excess of 40 hours/week.

30. Defendant paid Plaintiff his regular hourly rate for all hours worked, including hours worked in excess of forty (40) per week.

31. Defendant paid other Hourly Employees their regular hourly rate for all hours worked, including hours worked in excess of forty (40) per week.

32. Defendant did not pay Plaintiff an overtime premium of 1.5x his regular hourly rate for all hours worked in excess of forty (40) per week

33. Defendant did not pay other Hourly Employees an overtime premium of 1.5x their regular hourly rate for all hours worked in excess of forty (40) per week.

34. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly Employees violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiff and all other similarly situated Hourly Employees have been entitled to the rights, protections and benefits provided by the FLSA.

35. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings his FLSA claim on behalf of all hourly-paid cashiers who were employed by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. An overtime premium for all hours worked in excess forty (40) in a week;

B. Liquidated damages; and

C. Attorneys' fees and costs.

37. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified as non-exempt from the overtime requirements of the FSLA and paid an hourly rate;

B. They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked in excess of forty (40) per week;

C. They had the same or substantially similar job duties; and

D. They recorded their time the same way.

40. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds ten (10) persons.

41. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA

collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

42. At all relevant times, Defendant directly hired members of the FLSA Collective to work in its restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

43. At all relevant times, each member of the FLSA Collective regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI. FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

45. This is a collective action filed on behalf of all hourly-paid cashiers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime wages because they were not paid a rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) per week.

46. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

47. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

48. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

49. At all relevant times, Defendant was an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51. Defendant classified Plaintiff and all similarly situated employees as non-exempt from the overtime provisions of the FLSA.

52. Defendant failed to pay Plaintiff and all similarly situated employees an overtime premium for hours worked in excess of forty (40) per week.

53. Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly employees who worked more than forty hours in any week within the past three years.**

54. At all relevant times, Defendant willfully failed and refused to pay Plaintiff and all other similarly situated employees a proper overtime premium under the FLSA because Defendant paid Plaintiff and other similarly situated employees their regular hourly rate for all hours worked over forty (40) in a week.

55. Defendant's violations entitle Plaintiff and all other similarly situated

employees to compensatory damages calculated as the full amount of overtime wages owed.

56. Defendant's violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

57. Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

58. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

59. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

60. At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

61. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

62. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

63. Defendant classified Plaintiff and all similarly situated employees as non-exempt from the overtime provisions of the FLSA.

64. Defendant failed to pay Plaintiff an overtime premium as required under

Page 8 of 10
Carlos Leon, et al. v. Toro Foods, LLC, et al.
U.S.D.C. (W.D. Tex.) Case No. 5:20-cv-823
Original Complaint—Collective Action

the FLSA.

65. At all relevant times, Defendant willfully failed and refused to pay Plaintiff a proper overtime premium under the FLSA because Defendant paid Plaintiff his regular hourly rate for all hours worked over forty (40) in a week.

66. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

67. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

68. Plaintiff is entitled to an award of his attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Carlos Leon, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid back wages at the proper overtime

rate owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

  F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

  G. An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

  H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CARLOS LEON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com